279 So.2d 121

**Lillie Marie WOODS**

v.

**Robert H. LASTER and Reelfoot Packing Company, a corporation.**

**SC 338.**

Supreme Court of Alabama.

June 7, 1973.

W. H. Rogers, Moulton, for appellant.

Eyster, Eyster & Key, Decatur, for appellees.

MADDOX, Justice.

This was a suit for damages due to personal injuries and related medical expenses sustained by the appellant (plaintiff) as a result of a collision between a car in which appellant was riding as a passenger and a truck being driven by Robert H. Laster and owned by Reelfoot Packing Company, a corporation, the appellees. The collision occurred on July 6, 1970 on Highway 20 in Lawrence County.

The complaint had one count, which alleged a wanton injury and averred that Robert H. Laster was acting as an agent or servant of Reelfoot Packing Company, a corporation, on the occasion made the basis of the complaint. A plea in short by consent was duly filed and after trial by jury was had, a verdict and judgment for the defendants (appellees) was entered on October 26, 1971. Appellant's motion for a new trial was denied. Appellant appeals.

There are basically two assignments of error argued by appellant; (1) the court erred in denying the appellant's motion for a new trial, and (2) the court erred in giving as an instruction to the jury the appellees' requested written charge "A."

The facts are briefly stated. Appellant, Lillie Marie Woods, was riding as a passenger in an automobile being operated by her sister-in-law, Margaret Lipscomb. Appellee, Robert H. Laster, was driving a truck owned and operated by Reelfoot Packing Company, a corporation. Both vehicles were traveling east on Highway 20. The truck ran into the rear of the automobile as the automobile was slowing down to make a right turn off the highway.

Plaintiff suffered an acute cervical strain, moderate of the neck. Her doctor prescribed a cervical collar and muscle relaxants. She was admitted to the hospital about a week after the accident and treated with physical therapy, cervical traction and muscle relaxants.

The cause went to the jury. The jury, at one point during its deliberations, returned to the courtroom and requested additional instructions on "wanton negligence." The trial court very painstakingly restated the law applicable to a charge of "wanton negligence" and gave an example to distinguish between simple negligence and "wanton negligence." One of the appellant's assignments of error alleges that the court erred in giving charge "A" requested by the defendants. However, on the page of the transcript to which our attention is called, appellant does not charge error in the initial giving of charge "A." Her assignment is addressed to the reading of charge "A" again at the time the jury came back and asked for additional instructions on "wanton negligence." The court stated at that time:

"THE COURT: All right. Now, this is a written requested charge 'A' for the defendant, which is a correct statement of the law, and I believe I stated to you.

' "A If you are reasonably satisfied from all the evidence that the defendant Laster was guilty of only simple negligence on said occasion, then your verdict should be for the defendants.

" 'GIVEN: Billy C. Burney.'

"I believe I stated that to you on the charge but I will go ahead and give you that. In other words, ladies and gentlemen, my mention concerning simple negligence was solely in the context of trying to explain willful and wanton to you. In other words, we are not even concerned with simple negligence here, only by way of explanation to you of willful and wanton, because this plaintiff brought his lawsuit claiming not in two counts, as we have in a lot of lawsuits, but he just brought solely on the basis that the conduct of the defendant there at the time and place was willful and wanton. And I merely brought up simple negligence to explain to you so you could get a little bit of understanding—maybe a better understanding—of willful and wanton."

Appellant argues that charge "A" was confusing and misleading because the court failed to instruct the jury as to what constituted simple negligence. First, we find in the record that the court, besides the statement set out above, otherwise defined, in some detail, the difference between negligence and wantonness. Furthermore, appellant interposed no objection when the court *restated* charge "A" to the jury. In any event, if appellant thought charge "A" was confusing and misleading, the proper course would have been to request an explanatory charge. United Ins. Co. of America v. Ray, 275 Ala. 411, 155 So.2d 514 (1963).

The only other argument made is that the verdict of the jury was against the great weight and preponderance of the evidence.

The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. The verdict is *strengthened when the presiding judge refuses* to grant a new trial. Southern Ry. Co. v. Reeder, 281 Ala. 458, 204 So.2d 808 (1967); Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277 (1960).

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.