319 So.2d 284

**W. K. TROTTER**

v.

**Carl J. SUMNER.**

**Civ. 556.**

Court of Civil Appeals of Alabama.

Sept. 17, 1975.

Hardin, Stuart, Moncus & Noojin, Birmingham, for appellee.

Jesse W. Shotts, Birmingham, for appellant.

WRIGHT, Presiding Judge.

Defendant appeals from a verdict and judgment for $2,500.00 in favor of plaintiff. We affirm.

Defendant presents four assignments of error for review, those being:

1. The judgment was contrary to the law.

2. The judgment was contrary to the facts.

3. The trial court erred in denying the appellant's motion to dismiss.

4. The trial court erred in denying the appellant's motion for a new trial.

■ The courts of this state have on numerous occasions held assignments of error such as those numbered 1 and 2 above insufficient to present any question for review. *Mills v. Pearson,* 287 Ala. 311, 251 So.2d 612; *Stapleton v. Stapleton,* 282 Ala. 62, 209 So.2d 202.

■ As to assignment of error 3, we note that defendant's motion to dismiss for failure to state a claim upon which relief can be granted was filed after his responsive pleading. While this defense, as enumerated in Rule 12(b)(6), is preserved by Rule 12(h)(2), it cannot be raised by a motion to dismiss filed subsequent to a responsive pleading. Rule 12(b) *Alabama Rules of Civil Procedure.* Therefore, the court did not err in overruling the motion to dismiss.

■ Defendant argues in brief that the court erred in overruling his motion for summary judgment though he has not challenged such ruling by assignment of error. This motion was filed on the day of trial. The certificate of service recites that a copy was mailed to plaintiff's attorney five days prior to trial. Rule 56(c) requires such motions to be served on the opposing party at least 10 days prior to the time fixed for hearing. The motion states that it is based on the deposition of plaintiff. In brief defendant states that the motion was based on the Bill of Sale. However, the deposition is not before us as it was not introduced at trial. We can only state that the testimony of plaintiff, together with his exhibits at trial, fail to show that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. To the contrary, the testimony of plaintiff presented distinct issues of fact. Therefore, the court did not err in refusing to grant a summary judgment without some evidence in the form of exhibits, affidavits or otherwise to indicate that there was no genuine issue as to any material fact, and that plaintiff was entitled to judgment as a matter of law. *Fleming v. Alabama Farm Bureau Mut. Cas. Ins. Co.,* 293 Ala. 719, 310 So.2d 200.

Assignment of error 4 is that the trial court erred in denying appellant's motion for a new trial. We find that the grounds for the motion for new trial are as general as the assignments of error and do not warrant consideration. The grounds are:

1. For that said judgment and verdict is contrary to the law in the case.

2. For that said judgment and verdict is contrary to the facts of this case.

3. For that said judgment and verdict is against the weight of the evidence in this case.

4. For that said judgment and verdict is excessive.

5. For that said judgment and verdict is a result of bias, prejudice, and passion on the part of the jury.

The first two grounds presented in the motion for new trial are insufficient to present any question for review in that they do not specify the precise error that is alleged to have occurred. *Boudrow v. H & R Construction Company,* 284 Ala. 60, 222 So.2d 154. Grounds 4 and 5 of the motion are not argued in brief, and will therefore not be considered on appeal. *Johnson v. Hodge,* 291 Ala. 142, 279 So.2d 123.

As to the ground that the judgment is against the weight of the evidence, we note that defendant has not included in brief a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue as required by Rule 9, *Supreme Court Rules.* Due to this failure to comply with Rule 9(b) of the Supreme Court Rules, this ground for a new trial need not be considered. Further, verdicts are presumed correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. *Jackson v. Brown,* 49 Ala.App. 55, 268 So.2d 837. The decision of the trial court, refusing to grant a new trial on the ground that the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions of correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. *Woods v. Laster,* 291 Ala. 139, 279 So.2d 121. Examination of the transcript reveals sufficient evidence to support the verdict, and does not convince the court that the verdict is wrong and unjust. There was no error in overruling the motion for new trial.

Affirmed.

BRADLEY and HOLMES, JJ., concur.