This appeal is from a denial of plaintiff Guthrie's motion for new trial on the ground that the jury verdict was against the great weight and preponderance of the evidence. We affirm.
This case arose out of an automobile accident on July 5, 1974, wherein plaintiff Guthrie alleged that McCauley negligently operated his automobile and allowed it to be hit by hers, causing injuries to her. The case was tried and a verdict was returned in favor of defendant McCauley. McCauley had testified at trial that he had traveled on the road before, that the road was wet because it had been raining, that he lost control of his car while going 40-45 m.p.h., that his car spun into Guthrie's lane and stopped therein, and that Guthrie's automobile hit McCauley in Guthrie's lane. Guthrie also testified to the same facts, but on cross-examination, testimony was elicited from Guthrie that she saw McCauley spin out of control, that he was 50 feet away, and that she could have stopped her car in ten feet but did not. Following the jury verdict for McCauley, Guthrie moved for a new trial. The motion was denied.
Plaintiff Guthrie contends that the trial court erred in denying her motion for new trial. Defendant McCauley submits that the lower court should be affirmed because of the presumptions accorded a jury verdict by our Alabama case law, and because of the failure of the plaintiff to overcome the *Page 1374 
burden placed upon her by those presumptions. We agree.
While there was uncontradicted testimony that McCauley spun into Guthrie's lane and that the accident occurred in Guthrie's lane, this uncontradicted testimony does not create liability as a matter of law. National Biscuit Co. v. Wilson, 256 Ala. 241,245, 246, 54 So.2d 492 (1951).
The evidence is controverted by plaintiff herself as to whether she hit her brakes immediately before the accident. She further testified that, when she was fifty feet from defendant's car, she saw it broadside in the road and that she could have stopped her car in ten feet but didn't.
Our rule has long been that a jury verdict will be presumed correct and that the presumption of correctness is strengthened when a motion for new trial is denied by the trial court. S.S.Kresge Company v. Ruby, 348 So.2d 484 (Ala. 1977). A jury verdict will not be disturbed on appeal on the ground that it is contrary to the evidence unless the evidence clearly convinces the court that it is wrong and unjust. State v.Boone, 276 Ala. 16, 158 So.2d 658 (1963). We find that the facts were in dispute and that the jury's verdict was not clearly wrong or unjust. The motion for new trial was properly denied. Trotter v. Sumner, 56 Ala. App. 87, 319 So.2d 284
(1975).
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.