SHORES, Justice.
This is an appeal from a judgment entered in a non-jury trial against Carl R. Kimmell, in favor of Sara D. Bailey, for $14,500.00. On August 15,1979, Bailey purchased a home from Kimmell. The home had been built by Kimmell’s construction company, Mission Homes, in 1978, and had been purchased by Kimmell at that time as his family dwelling. Kimmell and his family lived in the house for approximately one year and during that time he intermittently continued work on a “Florida room” addition. At the time of the sale to Bailey, the addition had not been completed.
There was evidence presented that Kim-mell in person made representations, promises, and warranties to Bailey just prior to the sales contract of July 21, 1979, and just prior to the modifications of the agreement made on November 27, 1979, as well as several other times on the telephone. After Bailey had moved into the house, Kimmell began to make alterations and additions to the house as per their agreement, but failed to complete them.
On January 7, 1980, Bailey filed a complaint against Kimmell for damages for (1) breach of written contract; (2) false representations; (3) negligence; (4) conversion; (5) detinue; and (6) breach of express and implied warranties. Kimmell answered and counterclaimed for payment due for labor and materials and also damages for a slander of property title. In its order of judgment, the court made the following findings of fact:
“That the defendant, Carl Kimmell is a builder with over 30 years experience in the building business; that he constructed the home in question and sold the home in question to the plaintiff, Sara Bailey. That even though he had occupied the home, the home was constructed for the purpose of resale and was sold in a defective condition which impaired the intended use of the residence for inhabi-tation; that the plaintiff was not aware of the defective condition and was not possessed of knowledge by which she could reasonably have discovered the defects in the home and that as a result of the defective condition, the plaintiff suffered damage.
“The Court further finds that when the plaintiff and the defendant were negoti *769 ating for the sale of the house, the defendant represented to the plaintiff that, among other things, the house was quality constructed with lots of extras and would withstand California earthquake standards; that these representations were not true and were such as to induce the plaintiff to purchase the home; that the plaintiff relied on the defendant’s representations in so deciding to purchase the home and that as a result of the misrepresentation the plaintiff was damaged.
“The Court further finds that the defendant agreed to do some additional work, such as building a retaining wall and shoring up the garage and that the defendant has failed to do said work and as a proximate result thereof the plaintiff was damaged.

“The Court further finds that the defendant is not entitled to recover on his counterclaim.
“Therefore, it is ORDERED AND ADJUDGED as follows:
“1. that the plaintiff have and recover of the defendant, Carl Kimmell, the sum of $14,500.00 as damages, for which let execution issue.

“3. judgment for the plaintiff on the defendant’s counterclaim.
“4. the defendant, Carl Kimmell, is taxed with cost of this cause, for which let execution issue.”
After a hearing, the trial court denied Kimmell’s motion for a new trial. This appeal followed. We affirm.
In his appeal, Kimmell first argues that the trial court erred in finding a breach of an implied warranty of habitation because Kimmell, although the builder, had lived in the house for a year before offering it for sale. In support, he cites Sims v. Lewis, 374 So.2d 298 (Ala.1979).
We find, however, that this issue is not necessary to the disposition of this appeal because the judgment in this case was also based upon breach of express warranties, promises, and contract, and we find ample evidence to affirm the judgment on those grounds.
Kimmell next argues that the trial court made incorrect findings of fact based upon the evidence presented before it and, as a result, the court should be reversed. We cannot agree.
Where a trial court has heard evidence ore tenus, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust, and such rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court’s findings, and those findings will not be disturbed unless palpably wrong. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala.1980). Also, the verdict is strengthened when the judge refuses to grant a new trial. Woods v. Laster, 291 Ala. 139, 279 So.2d 121 (1973).
We have reviewed the testimony and the exhibits, and we conclude that there was sufficient evidence that, if believed by the trial court, would support the findings of fact made.
Lastly, Kimmell argues that the trial court erred in admitting, over Kimmell’s objections, opinion evidence as expert testimony from two of Bailey’s witnesses. His claim of error is based on the fact that the witnesses gave their opinions on the quality of construction of the house, yet were unfamiliar with what Kimmell claimed to be determinative building codes. Again, we cannot agree.
“To qualify as an expert, the witness must have such'knowledge, skill, experience or training as that his opinion will be considered in reason as giving the trier of fact light upon the question to be determined. The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse.”
*770 C. Gamble, McEIroy’s Alabama Evidence § 127.01(5) (3d Ed. 1977). A footnote to this quoted material provides citations to the following cases: Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647 (1974); Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972); Kozlowski v. State, 248 Ala. 304, 27 So.2d 818 (1946).
The trial court is not required to determine if a witness is totally versed in all areas of the field in which he is testifying as an expert before permitting him to testify. Kimmell had ample opportunity on cross-examination to bring out for the fact-finder’s consideration the limited knowledge of these witnesses of the various building codes. We cannot find any abuse of the trial court’s discretion in these matters. Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.