JONES, Justice.
This is an appeal by Vulcan Freight Lines, Inc., from a summary judgment: Vulcan claims the trial court erred in two aspects:
1) In its interpretation of certain coverage and exclusion provisions of a policy of liability insurance; and
2) In its failure to allow an alleged factual issue to be submitted for a jury determination.
A brief statement of the facts will suffice for the purposes of the issues presented.
Richard McKleroy was hauling freight for Vulcan from the U.S. Steel plant at Fairfield, Alabama, to the American Building Company at Eufaula, Alabama. The freight consisted of five 1,000-pound coils of painted steel. According to McKleroy’s deposition, as he approached Union Springs, Alabama, while traveling at about fifteen miles an hour, he came to a sharp right curve in the road. While McKleroy was going around the curve, the coils on the trailer shifted, broke loose from the pallets to which they were attached, and rolled off the trailer. During all of this (again, according to his deposition), McKleroy’s truck neither overturned nor collided with anything. The sole reason the coils came off of the trailer was the shifting of the load. After the coils were replaced on the trailer by means of a forklift, they were tied down with chains by McKleroy and he continued on his way to Eufaula.
A few miles south of Union Springs, for reasons unknown, one of the coils of steel came off the trailer again and rolled into the adjacent woods. It is without dispute, however, that the truck did not collide with anything and, on this occasion, it was almost dark. McKleroy could not obtain any help to reload this coil, so he continued on his way to Eufaula. At Eufaula, American Building Company refused to take possession of the cargo and refused to aid McKleroy in the recovery of the lost coil of steel.
*604 On McKleroy’s return trip to Birmingham with the remaining coils, he stopped at the site of the second accident and tried to find the lost coil, but was unable to do so. The coil of steel which rolled into the woods was not found during a search conducted by U.S. Steel. Apparently, the coil was stolen. Its whereabouts is still unknown.
Vulcan’s claim against South Carolina Insurance Company is premised upon a policy of insurance containing the following pertinent provisions:
“THIS POLICY INSURES.

“The Insured's liability for loss of or damage to property insured hereunder directly caused by: ... (c) Collision, i.e., accidental collision of the vehicle with any other vehicle or object (the striking of curbing or any portion of the road bed or the striking of rails or ties of street, steam or electric railroads, or contact with any stationary object in backing for loading or unloading purposes, or the coming together of trucks and trailers during coupling or uncoupling shall not be deemed a collision); ...

“PROPERTY EXCLUDED.
“This policy does not insure the Insured’s liability for: ... (f) loss or damage caused by or resulting from theft of property that is not contained within a fully enclosed wood or metal cargo compartment of the transporting vehicle.”
Notwithstanding Appellant’s earnest insistence that we read some degree of ambiguity into the policy provisions quoted above, and thus construe its terms favorable to the insured, we are constrained to agree with the trial court’s interpretation that no insurance protection is afforded under the circumstances of this issue.
We find neither ambiguity in the policy language nor public policy considerations that cause us to effect a different result than that which obtained in Alabama Farm Bureau Mutual Casualty Insurance Company v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966), where the following principle was laid down:
“In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them.”
Alabama Farm Bureau v. Goodman, 279 Ala. at 541, 188 So.2d 268.
Absent a factual dispute as to whether one or both of the incidents in question involved a collision as defined by the contract of insurance, the clear and unambiguous language of the policy precludes coverage for the claimed loss. Likewise, under the “Property Excluded” provision, it is equally clear that the theft of the one coil lost from the truck during the second incident is not covered.
Vulcan’s second contention of error is also without merit. Appellant’s counsel insists that a factual issue exists as to the collision coverage with respect to the initial loss of the five coils. McKleroy’s “no collision” testimony by deposition is contradicted by Plaintiff’s answer to Defendant’s interrogatory as to how the accident occurred, to which Plaintiff responded:
“Our truck had a tire blowout near Union Springs, Alabama, which proximately caused the truck to hit a concrete storm drain upsetting the load which caused the chains and binders to break and the load to fall off.”
Plaintiff maintains that this response was based on McKleroy’s earlier version of the initial incident in which all five coils were thrown from the truck.
The weakness of this contention is inherent in the nature of the two alleged contradictory statements. The record discloses only one statement by McKleroy — that contained in his deposition. The answer to the interrogatory is a statement signed by one Harvey J. Baker, Operations Manager, Vulcan Freight Lines, who possessed no firsthand knowledge of the incident in question.
Of the two statements — McKleroy’s deposition disclaiming any collision and Baker’s answer to interrogatories claiming a *605 collision — only McKleroy’s statement is admissible evidence; and, thus, there being no genuine issue as to any material fact, the case was appropriately postured for summary judgment. A.R.C.P. 56(e); and Morris v. Morris, 366 So.2d 676 (Ala.1978).
Finding that the trial court ruled correctly on the questions of law presented, we affirm the judgment.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.