The defendant, Car Center, Inc., d/b/a Roebuck Chrysler-Plymouth ("Roebuck"), appeals from a summary judgment granted in favor of the plaintiff, Home Indemnity Company, Inc. ("Home"). We reverse and remand.
Consolidated with Roebuck's appeal is an appeal by Home from the denial of its motion to strike or dismiss Roebuck's counterclaim. Because Home's appeal is from a non-final order, it is due to be dismissed. Rule 54(b), A.R.Civ.P.;Elks Lodge Decatur Lodge No. 655 v. State ex rel. Slate,264 Ala. 223, 86 So.2d 396 (1956); Catlin v. United States,324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Accordingly, we need not address the issues raised by Home in its appeal.
Roebuck is an automobile dealership. It purchased an automobile garage liability policy and a workmen's compensation policy from Home through an independent agent, Continental Insurers Agency, Inc. ("Continental").[1] The term of insurance was October 25, 1980, to October 25, 1981. Both policies were prepaid to the extent that the insured, Roebuck, reported its anticipated liability exposure. At least one insurance policy, the automobile garage liability policy, provided for an audit to be performed at the conclusion of the term in order to determine the actual levels of exposure. Based on the audit, Roebuck would either owe an additional premium or would be due a refund of premium. Prior to the end of the policy term, the policies were cancelled, effective June 1, 1981.
Home contends that, pursuant to the insurance agreement, an audit was performed and that it revealed that an additional premium was owed by Roebuck. Roebuck disputes owing any additional premium.
On November 8, 1985, Home sued Roebuck, claiming breach of contract. The basis of Home's complaint is a "Statement of Account" dated April 11, 1983, the relevant portions of which are set out below: *Page 1321 
"Insured Effective Comm Premium or Commission or Net
Description Mo Yr Rate Return Premium Return Amount
 Commission
 Comp. 10/25/80 Original Prem. 7,314.00
 to Eff. 10/25/80
 6/1/81 to 10/25/81
 Audit Prepared
 11/9/81 827.00
 Payment 7,314.00
 Cr.
 Earned Prem. 827.00
Garage 10/25/80 Original Prem. 7,297.00
 to Eff. 10/25/80
 6/1/81 to 10/25/81
 Audit Prepared
 1/26/81 1,325.00
 Audit Prepared
 1/26/81 1,195.00
 Audit
 [Prepared]
 2/1/82 10,089.00
 Payments 9,817.00
 Cr.
 Earned Prem. 10,089.00
 Total earned 10,916.00"

The name and address as they appear on the "Statement of Account" are:
"Car Center, Inc. d/b/a Roebuck Chrysler Plymouth
8949 4th Avenue (South Pky. East)
Birmingham, Alabama 39502."
The name and address for Roebuck as they appear on the complaint are:
"Car Center, Inc. DBA Roebuck Chrysler
8949 4th Avenue, So., Parkway East
Birmingham, Al. 35206"
Roebuck answered Home's complaint with a general denial, and further pleaded lack of privity, the statute of limitations, res judicata, and duplicity of lawsuits as a bar to Home's complaint.
In the course of pleading, both parties filed affidavits, exhibits, answers to interrogatories, and a deposition. Both parties moved for summary judgment. The trial court initially overruled both parties' motions. Both parties subsequently moved for rehearing and reconsideration of the trial court's denial of their respective motions for summary judgment. Roebuck also filed a counterclaim against Home.
Following a hearing on the motions to reconsider, the trial court entered a summary judgment in favor of Home, certifying the judgment as final pursuant to Rule 54(b). Roebuck moved for rehearing and reconsideration of the trial court's grant of summary judgment, introducing an additional affidavit. Home moved to strike or dismiss Roebuck's counterclaim. The trial court denied both motions, and these appeals followed.
Roebuck argues on appeal that not only did the trial court err in granting summary judgment in favor of Home, but also that Roebuck itself is entitled to summary judgment.
At the hearing on its motion for rehearing, Roebuck submitted one additional affidavit. The affiant was the attorney of record. Roebuck made no attempt to demonstrate why this evidence was not submitted to the trial court prior to the entry of summary judgment. "A Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment."Moore v. Glover, 501 So.2d 1187, 1189 (Ala. 1986). This Court has previously held that *Page 1322 
where the movant proceeding under a 59(e) motion has failed to show why certain evidence was not provided to the trial court prior to the entry of summary judgment, this Court's review will be limited to whether summary judgment was properly granted based on the evidence before the trial court at the time summary judgment was granted. Moore, supra, 501 So.2d at 1190. Accordingly, we shall not consider Roebuck's belatedly filed affidavit.
It is well settled that summary judgment should only be granted when, after viewing the evidence in a light most favorable to the non-moving party, it appears that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. A scintilla of evidence supporting the non-movant's position is all that is required to overcome a motion for summary judgment. Ward v. Rhodes, Hammonds Beck,Inc., 511 So.2d 159 (Ala. 1987).
Supporting and opposing affidavits must be made on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the affiant is competent to testify. Rule 56(e), A.R.Civ.P. See Turner v. Systems Fuel,Inc., 475 So.2d 539, 541 (Ala. 1985). This same requirement holds true for answers to interrogatories and depositions.
 "While Rule 56, A.R.Civ.P., permits evidence in the form of depositions and answers to interrogatories to be submitted in support of, or in opposition to, a summary judgment motion (see Vulcan Freight Lines v. South Carolina Ins. Co., 446 So.2d 603, 604-05 (Ala. 1981)), that evidence must nevertheless, conform to the requirements of Rule 56(e) and be admissible at trial. Griffin v. Little, 451 So.2d 284, 286 (Ala. 1984); Day v. Merchants National Bank of Mobile, 431 So.2d 1254
(Ala. 1983); Whatley v. Cardinal Pest Control, 388 So.2d 529, 532 (Ala. 1980). That is, the content of the deposition or answers to the interrogatories must be asserted on the personal knowledge of the proponent or person giving the answers, must set forth facts that would be admissible in evidence, and must show affirmatively that the deponent or person giving the answers is competent to testify to the matters asserted. Vulcan Freight Lines v. South Carolina Ins. Co., supra; Morris v. Morris, 366 So.2d 676, 678 (Ala. 1978); Wright, Miller 
Kane, 10A Federal Practice Procedure § 2722, pp. 48-52 (1983). These requirements are mandatory. Arrington v. Working Woman's Home, 368 So.2d 851, 854 (Ala. 1979); Oliver v. Brock, 342 So.2d 1, 4-5 (Ala. 1976). Matters stated based only upon information and belief are essentially hearsay and are, therefore, insufficient. Vulcan Freight Lines v. South Carolina Ins. Co., supra; Oliver v. Brock, supra. [Emphasis in original.]"
Welch v. Houston County Hospital Board, 502 So.2d 340, 342
(Ala. 1987). "In reviewing the propriety of a summary judgment, this Court is limited to reviewing the same factors, the same evidence, considered by the trial court when it granted the motion." Turner, supra, 475 So.2d 541, citing Prudential Ins.Co. v. Coleman, 428 So.2d 593 (Ala. 1983).
Roebuck advances several arguments in support of its position that Home was not entitled to summary judgment and that it was. However, the arguments as framed insufficiently address the necessary initial inquiries regarding the nature and sufficiency of Home's claims against Roebuck. The propriety of summary judgment in favor of plaintiff Home can only be resolved by examining the threshold question of whether the account made the basis of this lawsuit was an account stated or an open account.
In University of South Alabama v. Bracy, 466 So.2d 148, 150
(Ala.Civ.App. 1985), the Court of Civil Appeals summarized the nature of an account stated:
 "An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. Martin v. Stoltenborg, 273 Ala. 456, 142 So.2d 257 (1962). It is as if a promissory note had *Page 1323 
been given for the balance due. Ingalls v. Ingalls Iron Works Co., 258 F.2d 750 (5th Cir. 1958).
 "A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. Ingalls v. Ingalls Iron Works Co., supra; Barber v. Martin, 240 Ala. 656, 200 So. 787 (1941). The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account. Home Federal Savings Loan Association v. Williams, 276 Ala. 37, 158 So.2d 678 (1963); Joseph v. Southwark, 99 Ala. 47, 10 So. 327 (1891). Once the plaintiff proves his prima facie case, the burden of proof shifts to the defendant. Barber v. Martin, supra." (Emphasis added.)
One of the elements of a prima facie case, a rendering of the statement of account, requires a factual showing that there was a proper mailing or evidence supporting a finding of mailing in due course. "The presumption of the law is that a letter, properly addressed with sufficient postage, and unreturned to the sender whose address is shown on the envelope, was received by the addressee." Currie v. GreatCentral Ins. Co., 374 So.2d 1330 (Ala. 1979), citing Harrell v.Alabama Farm Bureau Mut. Cas. Ins. Co., 287 Ala. 259,251 So.2d 220 (1971).
The statement of account contains an incorrect zip code; therefore, it reflects an incorrect address on its face. By contrast, the address on the complaint contains the correct zip code.
There is no other competent testimony concerning the proper mailing or mailing in due course of this statement of account. The affidavits upon which Home relied contained no competent testimony concerning the actual mailing of the statement. The affidavit of Marianne Bernier merely recites that "[a] statement for this amount was sent to [Roebuck]." There were no facts describing mailing procedures or knowledge of mailing procedures contained in this affidavit. Therefore, Home has failed to prove a proper mailing or mailing in due course of the statement of account, and, thus has failed to establish that the statement of account was "rendered to the debtor." Bracy, supra.
Even assuming that Home did establish that it rendered the statement, Roebuck, in effect, disputes ever receiving the statement. By affidavit, Michael Noyes, Roebuck's representative, states "[W]e have never at any time had any dealings whatever with the Home Indemnity Company. . . . [W]e have never had any dealing whatever with the plaintiff and the first time we had any knowledge that they were claiming anything from us regarding any insurance was when their suit was filed November of 1985."[2] This alone constitutes the scintilla of evidence necessary to overcome the motion for summary judgment.
An account stated also requires an express or implied agreement to pay the bill (statement of account). An implied agreement to pay a bill can arise only where there has been a showing that the bill was rendered and the recipient of the bill failed to object within a reasonable time. Home FederalSavings Loan Association v. Williams, 276 Ala. 37,158 So.2d 678 (1963). Because Home has failed to sustain its burden of demonstrating that the bill was rendered, it cannot maintain that there was an implied agreement to pay the bill.
In order for Home to proceed on an open account theory, it must prove by competent evidence that some term of the contract was left open and undetermined by the parties. Nance v.Countess, 16 Ala. App. 434, 78 So. 464 (1918). The parties *Page 1324 
apparently agree that the underlying contract of insurance was set up by the independent agent, Continental, as an open account whereby some term of the contract was left open. In this case, the undetermined term was the total premium. The automobile garage liability policy contract itself specifies:
 "The estimated total premium for this policy is based on the exposures you told us you would have when this policy began. We will compute your final premiums due when we determine your actual exposure. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy."
It appears that Home attempted to prove the statement of account by utilizing Code of 1975, § 12-21-111, which states:
 "In all actions upon accounts, an itemized statement of the account, verified by the affidavit of a competent witness, taken before and certified by, a notary public or any officer having authority under the laws of this or another state to take and certify affidavits, is competent evidence of the correctness of the account if the plaintiff, at the time of bringing his action, files with his complaint such verified itemized statement and endorses on the complaint the fact that the account is verified by affidavit. Unless the defendant, within the time allowed him for pleading, files in the case an affidavit denying on information and belief the correctness of the account, which affidavit of the defendant shall state whether or not the defendant denies liability and whether or not he disputes the whole account or only a part or parts or an item or items thereof (if defendant disputes only a part or parts or an item or items of the account and not the whole account, he shall state in such affidavit what parts or items are disputed by him), the verified account so filed and noted by the plaintiff shall be competent evidence of the correctness of all parts and items of the account not disputed by defendant's affidavit. Any person who files a denial of the correctness of the verified account and thereby causes delay or a continuance of the case, when, on final hearing of the case, the judge of the court does not believe that the denial affidavit was made in good faith, shall be penalized in a sum not exceeding five percent of the amount of the judgment recovered, which sum shall be added to and become a part of the judgment. The presence on the affidavit of the seal of the officer purporting to take such affidavit shall be prima facie evidence of the fact that it was affixed thereto by such officer."
At the outset, we note that Home clearly did not meet the requirements of this statute, which, if it were complied with, would insure that the statement of account was competent evidence of the debt of an open account. Specifically, Home failed to endorse on the complaint the fact that the account was verified by affidavit. It is also noted that Roebuck did not object to the verified account by filing an affidavit with its answer denying liability for all or part of the debt in accordance with the statute. Secondly, even if Home had properly complied with the statute, the statement of account contains an incorrect address for Roebuck. More importantly, the statement of account does not identify when the last item of the account occurred.
Roebuck did properly raise the issue of the three-year statute of limitations barring recovery on open accounts. The applicable statute of limitations specifies that the three-year period is "computed from the date of the last item of the account or from the time when, by contract or usage, the account is due." Code of 1975, § 6-2-37(1). Roebuck maintains that the last item of the account was the issuance of insurance coverage, which terminated June 1, 1981. Home appears to rely on the mailing of the bill, which was April 11, *Page 1325 
1983, as the last item of the account. In no way do the affidavits submitted by either party identify the date of the last item of the account.
Perusal of the statement of account discloses that the policy terminated June 1, 1981. The statement also indicates that one audit was prepared November 9, 1981, and another audit was prepared February 1, 1982. Would any one of these occurrences be the last item of the account? If so, the three-year statute of limitations would have run before the filing of this lawsuit in November 1985. Under these facts, there remains a dispute as to when the last item of the account occurred, and that dispute gives rise to a genuine issue of material fact.
Because there has been no resolution as to the nature of the account sued upon, i.e., account stated or open account, with factual disputes apparent in the record under either analysis, the summary judgment granted in favor of Home is due to be reversed. It would appear that the disputed questions of fact made summary judgment for either party improper.
REVERSED AND REMANDED AS TO 86-670; DISMISSED AS TO 86-765.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.
[1] Continental is not a party to this lawsuit; however, both parties reveal that a separate action is pending wherein Continental is suing Roebuck for certain insurance premiums. It is disputed whether Continental was Home's agent.
[2] Roebuck purchased the policies through Continental, an independent agent. The policies were underwritten by Home. Roebuck maintains that all dealings concerning these policies were with Continental.