This appeal arises from the entry of a summary judgment in favor of Cavalry SVP I, LLC ("Cavalry"), in an action to recover from Carolyn A. Ayers $13,543.33, plus interest and costs, allegedly due on a credit account.
The facts in the record on appeal indicate the following. A credit-card account with U.S. Bank was opened in the name of the appellant, Ayers. U.S. Bank provided credit for the purposes of allowing the cardholder to make purchases and to obtain cash advances. Ayers made purchases and obtained cash advances on the credit account and failed to pay U.S. Bank the balance on the account.[1] U.S. Bank sold the "Ayers account" to Midfirst Bank, which sought to have Ayers pay the *Page 476 
outstanding balance due on the account. Ayers failed to pay Midfirst Bank, and Midfirst Bank transferred the account to Cavalry. Cavalry sought and obtained a summary judgment against Ayers for the sum of $16,824.90, which represented an award of $13,543.33 in principal due on the account, and $3,281.57 in interest.
In her brief on appeal, Ayers contends that the trial court erred in entering a summary judgment because, she argues, 1) Cavalry failed to properly plead a cause of action in its complaint, 2) the affidavit attached to Cavalry's motion for a summary judgment contained hearsay and was not based on the personal knowledge of the affiant, and 3) Ayers presented substantial evidence of disputed material facts making the entry of a summary judgment improper. We will address these issues separately.
Ayers first argues that Cavalry's complaint failed to properly plead a cause of action and that the trial court should have dismissed the action pursuant to Rule 12(b)(6), Ala.R.Civ.P. However, Ayers filed an answer to Cavalry's complaint on February 10, 2003. Ayers filed her Rule 12(b)(6) motion to dismiss on March 4, 2003. A party must make a Rule 12(b)(6) motion "before pleading if a further pleading is permitted." Rule 12(b), Ala.R.Civ.P. Here, Ayers did not assert her Rule 12(b)(6) motion to dismiss for failure to state a claim in her first responsive pleading to the complaint. In Trotter v. Sumner, 56 Ala. App. 87, 89, 319 So.2d 284,285 (Ala.Civ.App. 1975), this court stated:
 "[W]e note that defendant's motion to dismiss for failure to state a claim upon which relief can be granted was filed after his responsive pleading. While this defense, as enumerated in Rule 12(b)(6), is preserved by Rule 12(h)(2), it cannot be raised by a motion to dismiss filed subsequent to a responsive pleading. Rule 12(b), Alabama Rules of Civil Procedure."
See also Sims v. Lewis, 374 So.2d 298, 301 (Ala. 1979) ("The 12(b)(6) motion should not be used to test the sufficiency of a complaint after a responsive pleading has been filed."). Because Ayers's motion to dismiss was filed after her answer, which was a responsive pleading to Cavalry's complaint, the trial court did not err in denying her motion to dismiss. Rule 12(b)(6), Ala.R.Civ.P.; Trotter, 56 Ala. App. at 89,319 So.2d at 285.
Ayers also argues that the trial court erred in granting Cavalry's motion for a summary judgment because, Ayers argues, she demonstrated that material facts were in dispute and presented substantial evidence in rebuttal to Cavalry's summary-judgment motion. Cavalry sued Ayers seeking to recover under the theory of an account stated. Ayers alleges that Cavalry failed to present the evidence necessary to sustain a summary judgment as to the elements of a cause of action for an account stated.
A motion for a summary judgment is properly granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Bussey v. John DeereCo., 531 So.2d 860 (Ala 1988). "When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue."Rutledge v. Wings of Tuscaloosa, Inc., 848 So.2d 1005, 1006
(Ala.Civ.App. 2002) (citing Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794 (Ala. 1989)). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance *Page 477 Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Ex parte Brislin, 719 So.2d 185 (Ala. 1998). "Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer substantial evidence to defeat the motion." Blackburn v. State FarmAuto. Ins. Co., 652 So.2d 1140, 1142 (Ala. 1994).
 "An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. It is as if a promissory note had been given for the balance due.
 "A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within a reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account."
University of South Alabama v. Bracy, 466 So.2d 148, 150 (Ala.Civ.App. 1985) (citations omitted).
The first element in establishing a cause of action for an account stated requires that a statement of the account be "balanced and rendered" to the debtor. In Car Center, Inc. v. Home Indemnity Co.,519 So.2d 1319, 1323 (Ala. 1988), our supreme court held that a creditor had not proven a "rendering of the statement of the account" when the creditor had "no competent testimony concerning the actual mailing of the statement." The court noted that the affidavits submitted by the plaintiff in that case did not provide facts describing the plaintiff's mailing procedures or indicate that the affiant had knowledge of the plaintiff's mailing procedures. Id. at 1323.
In the instant case, there is no evidence indicating that Cavalry properly rendered the statement of the account to Ayers. The affidavit attached to Cavalry's motion for a summary judgment does not indicate that the affiant had any knowledge of the mailing procedures used with regard to sending Ayers a statement of her account. The affidavit stated, in pertinent part:
 "1. I am the manager of Cavalry SPV I, LLC which is a corporation organized and existing under the laws of the State of Delaware.
 "2. I have knowledge of the facts herein set forth and am duly authorized to make this Affidavit; that the claim against Carolyn Ayers is within my knowledge and is just, true and correct and that all just and lawful offsets, payments and credits have been allowed.
 "3. There is now due from said debtor the PRINCIPAL sum of $13,543.33."
Cavalry attached to its motion for a summary judgment invoices that contain Ayers's address. However, that evidence alone does not establish that a statement of the account was rendered to Ayers. In Car Center, the court indicated that evidence showing that a properly addressed statement of the account with sufficient postage was sent and was not returned to *Page 478 
the sender was sufficient to presume that the addressee received the statement of the account. Id. at 1323. Cavalry did not present any evidence indicating that a statement of or a bill for the account was ever mailed, properly addressed with sufficient postage, or rendered to Ayers. Thus, Cavalry failed to present evidence in support of this first element necessary to establish a cause of action for an account stated.
An account stated also requires an express or implied agreement to pay the bill. Car Center, supra. Calvary does not allege an express agreement between the parties. In Car Center, our supreme court held that "[a]n implied agreement to pay a bill can arise only where there has been a showing that the bill was rendered and the recipient of the bill failed to object within a reasonable time." 519 So.2d at 1323. Here, Cavalry has failed to demonstrate that a bill was rendered to Ayers, and, therefore, that Ayers's agreement to pay the bill could be implied.
In Mobile Rug Shade Co. v. Daniel, 424 So.2d 1332, 1333
(Ala.Civ.App. 1983) (quoting Martin v. Stoltenborg, 273 Ala. 456, 459,142 So.2d 257, 259 (1962)), this court noted that "'[a]n account stated is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied.'" In that case, the court noted that, according to an affidavit, the plaintiff sought to recover upon the original liability rather than upon a new promise by the defendant to pay the total account balance. The court noted that the evidence indicated only an original promise to pay, not a new promise to do so. Thus, the court determined that the claim in that case was in the nature of one for an open account and not for an account stated. Id. The court in that case determined that the three-year statute of limitations barred an action alleging an open account. The situation presented in the present case is almost identical to that in Mobile Rug Shade, supra, in that the evidence indicates that Cavalry is also seeking to recover upon the original liability.
Cavalry's motion for a summary judgment might arguably be supported by substantial evidence establishing the elements of a prima facie case on a cause of action for an open account. "A plaintiff establishes a prima facie case in an action for money due on open account by presenting evidence that money was delivered to the defendant, that it was a loan, and that it has not been repaid." Livingston v. Tapscott, 585 So.2d 839,841 (Ala. 1991) (citing 58 C.J.S. Money Lent § 7 (1948)). However, Ayers asserts in her answer to Cavalry's complaint that an action seeking to recover on an open account is barred by the applicable statute of limitations.[2] See Defco, Inc. v. Decatur Cylinder, Inc.,595 So.2d 1329, 1332 (Ala. 1992); § 6-2-37(1), Ala. Code 1975 (statute of limitations for cause of action alleging an open account is three years).
Because Cavalry failed to present evidence sufficient to establish a prima facie case on its claim seeking recovery on the theory of an account stated, the evidence before the trial court was insufficient to support the entry of a summary judgment. We therefore conclude that the trial court erred in entering a summary judgment in favor of Cavalry, and we remand the case for further proceedings.
REVERSED AND REMANDED. *Page 479 
YATES, P.J., and CRAWLEY and MURDOCK, JJ., concur.
PITTMAN, J., concurs in the result.
[1] Ayers appears to deny, in her affidavit in opposition to Cavalry's motion for a summary judgment, that she entered into an agreement "for a line of credit" with Cavalry or its predecessors in interest. However, Ayers has not denied making purchases or obtaining cash advances on the account.
[2] The relevant dates for the account at issue are unclear from the record before this court. This is a matter for the trial court to resolve.