The defendants, D.W. Segars and S S Land Company, Inc., appeal from a judgment entered on a jury verdict in favor of the plaintiff, Steven L. Reaves, d/b/a Reaves Construction Company, and from the denial of a motion for new trial. We affirm.
The issue is whether the plaintiff established by competent evidence an entitlement to damages, and, if so, the amount of damages.
In 1977, S S Land Company purchased some land in Hueytown, Alabama. Segars, a principal and the primary stockholder of S S Land Company, proposed to develop the property into a multi-lot residential subdivision. Reaves, d/b/a Reaves Construction Company, entered into an agreement with Segars to make certain improvements to the land to prepare it for subdivision. Reaves agreed to grade the land; to install storm and sanitary sewer lines; and to install gas lines. The work began in 1978 and was untimely completed in 1980, after numerous delays and work stoppages. The delays were mainly caused by Segars's problems in getting various permits and engineering plans approved by the local governmental authorities. During one of the delays, some of the sanitary sewer lines and gas lines were washed out of the ground by rain, and Reaves had to do that work again. Reaves testified that he incurred extra costs, exceeding the contract price, as a result of the delays, which, he claimed, were Segars's fault. The contract price was $63,064.63. Reaves was paid $66,500, which did not cover the extra costs for doing some of the work twice. In 1981, Reaves sued Segars for work and labor done and for breach of contract. In 1981, the jury returned a verdict in favor of Reaves in the amount of $33,854.35. The court denied Segars's motion for new trial, in which he alleged that the damages were excessive. Segars appealed the judgment and the denial of the motion for new trial.
In 1989, the case was remanded for a hearing in light ofHammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986). After a hearing, the trial court entered an order upholding the verdict and the judgment based on that verdict.
Segars argues that a portion ($3253.70) of the total damages awarded by the jury was not supported by competent evidence. Reaves, of course, contends that *Page 250 
the verdict was substantiated by the evidence.
After a review of the evidence, we note that Reaves testified on direct examination that he incurred extra costs in the amount of $3253.70 as a result of having to do the same work twice. This included cleaning and replacing the washed out sanitary sewer lines. The itemized expenses for this work, totaling $3253.70, were in the amounts of $167.50; $851.20; $225; $90; and $1920.
The party claiming damages has the burden of establishing by competent evidence the existence of damages and the amount of those damages. Johnson v. Harrison, 404 So.2d 337 (Ala. 1981). Reaves's testimony that he incurred the extra expenses and that they were in the amounts stated above was competent evidence to establish that he was entitled to damages and provided a reasonable basis for the jury to assess those damages. If Segars wanted to contest the competency of the evidence establishing the extra expenses proven by Reaves, he could have done so on cross-examination. However, he did not. See generally Roland v. Krazy Glue, Inc., 342 So.2d 383, 385
(Ala.Civ.App. 1977). We conclude that Reaves presented competent evidence of his loss and his entitlement to damages and that the verdict of the jury was substantiated by the evidence.
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.