NAPA Division Center, a division of Genuine Parts Company, sued Golden Davis and his wife Joan Davis, claiming breach of contract and money due on open account. After hearing ore tenus evidence, the court entered a judgment in favor of NAPA for $20,628.08, plus costs. The court denied the Davises' motion for a new trial. The Davises appealed. We affirm. *Page 1276 
NAPA alleges that it entered into a contract with the Davises whereby it agreed to change over the merchandise, inventory and stock of the Davises' auto parts store to NAPA parts and the Davises agreed to sell and market NAPA products in their store. The Davises admit that this agreement was made, but they claim that problems arose when Mr. Davis learned that NAPA expected him to buy products exclusively from NAPA and to keep defective and returned items in his inventory for four months. Within two weeks of the NAPA agreement, the Davises entered into another agreement, with Bumper to Bumper Auto Parts, for an exchange of the parts NAPA had placed in their store. The dispute in this case concerns the amount of money the Davises owed NAPA as a result of the original changeover by NAPA.
On appeal, the Davises argue that the trial judge erred in overruling objections to testimony about the amount of merchandise that NAPA removed from their store and the amount of NAPA merchandise that NAPA delivered to them. The Davises claim that no foundation was laid for the introduction of oral testimony as to the amount of merchandise removed or delivered. The amounts testified to, however, were later established by documentation entered into evidence by NAPA. The Davises now claim on appeal that NAPA introduced these exhibits without proper authentication and that the original documents rather than copies should have been offered.
A party who has failed to object to a matter at trial cannot raise the claimed error for the first time on appeal. "An objection must be made and a ground stated therefor or the objection and error are deemed to have been waived."Costarides v. Miller, 374 So.2d 1335, 1337 (Ala. 1979).
The Davises claim that the trial judge erred in denying their motion for a new trial because, they argue, the judgment was against the great weight and preponderance of the evidence. Conflicting evidence was presented concerning the amount the Davises owed NAPA. The trial judge's findings, in this ore tenus case, are entitled to a presumption of correctness, and his judgment will be affirmed unless it is palpably wrong, without supporting evidence, or manifestly unjust. Johnson v.Langley, 495 So.2d 1061, 1066 (Ala. 1986); Charles IsraelChevrolet, Inc. v. Walter E. Heller Co., 476 So.2d 71, 73
(Ala. 1985). We conclude that the exhibits submitted by NAPA supported the judgment of the trial court, although the Davises argue otherwise. We cannot say that the judgment is palpably wrong, without supporting evidence, or manifestly unjust. The judgment of the trial court is therefore affirmed. Also, we cannot say that the judgment was against the weight of the evidence. Therefore, the trial court's denial of the Davises' motion for a new trial is also affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.