The basic issue in this case is whether there was sufficient evidence presented to show that monies received by a man from a woman during the time the two were living in an adulterous relationship created an indebtedness between the two, as she claims and as the trial judge apparently found. The man claims the money was a gift. Also presented is the question whether the trial court awarded Tapscott, the woman, an amount in excess of the damages proven at trial.
In May 1988, Doris Tapscott and Jerry Livingston began a relationship. Tapscott was married at the time. In July 1988, Tapscott left her husband and filed for divorce. Although Tapscott began living with Livingston at this time, her divorce was not made final until January 1989. Between July 1988 and May 1989, Tapscott says, she allowed Livingston to borrow from her amounts totaling $17,000. Livingston did not repay any of the money Tapscott says she lent to him.
On March 20, 1990, Tapscott sued Livingston in the Morgan Circuit Court for money due on an open account. The case was tried before the court without a jury, and the court, after hearing the evidence, entered a final judgment in favor of Tapscott for $18,396.10, plus costs. Livingston appealed.
The evidence presented by Tapscott reveals that she often gave money to Livingston, at his request, to pay his business debts. Tapscott attested to the amounts of money that she furnished to Livingston, and she produced bank statements, canceled *Page 841 
checks, and deposit slips to support her claim. Livingston acknowledged that he benefitted from these payments, and Tapscott also testified that Livingston promised to repay her.
Our scope of review, of course, is well settled. The trial judge's findings of fact, in an ore tenus case, are entitled to a presumption of correctness, and a judgment based on those findings will be affirmed unless it is palpably wrong, without supporting evidence, or manifestly unjust. Davis v. GenuineParts Co., 567 So.2d 1275, 1276 (Ala. 1990); Johnson v.Langley, 495 So.2d 1061, 1066 (Ala. 1986).
Livingston presents three issues on appeal. He initially argues that the alleged implied contract requiring him to repay money given to him by Tapscott is in violation of public policy. He contends that the money he got from Tapscott was received from her while she was involved with him in an adulterous relationship; thus, he says, any implied contract between them is unenforceable because it contravenes public policy. We disagree. The "public policy" principle cited by Livingston must be applied with caution and only in cases in which the public interest would be injured to a degree that private rights should yield to the public interest. Colston v.Gulf States Paper Corp., 291 Ala. 423, 282 So.2d 251 (1973). The facts in this case do not warrant the application of this principle.
Livingston next contends that Tapscott failed to satisfy her burden of proving the existence of a contract that would enable her to recover from him. A plaintiff establishes a prima facie case in an action for money due on open account by presenting evidence that money was delivered to the defendant, that it was a loan, and that it has not been repaid. 58 C.J.S. Money Lent § 7 (1948). "Ordinarily, an unexplained payment of money will be presumed to be made in payment of debt, or as a loan, rather than as a gift." Bowline v. Cox, 248 Ala. 55, 26 So.2d 574
(1946). This presumption arises in relationships between parties in which the payor naturally places confidence in the payee that the money will be repaid. Furthermore, we recognize the general rule that if no time is stipulated, a loan is "presently payable." Lindsey v. Hamlet, 235 Ala. 335,179 So. 234 (1938). We hold that there was sufficient evidence upon which the trial court could find that a debtor-creditor relationship existed in this case between the two parties.
Livingston's final claim is that the trial court awarded Tapscott an amount in excess of the damages actually proven at trial. Tapscott alleged in her complaint that Livingston owed her $17,000. The trial court, after weighing the evidence, awarded her $18,396.10. Livingston maintains that this sum is excessive and is unsupported by the evidence.
A party claiming damages has the burden of establishing by competent evidence that he or she is entitled to damages and the amount of those damages. Segars v. Reaves, 567 So.2d 249
(Ala. 1990); Smith v. Richardson, 277 Ala. 389, 171 So.2d 96
(1965). The plaintiff further has the burden of producing sufficient evidence to allow the factfinder to calculate damages without basing its award on guesswork. Aldridge v.Dolbeer, 567 So.2d 1267 (Ala. 1990). We hold that the exhibits submitted by Tapscott adequately support the judgment of the trial court. Rule 54(c), A.R.Civ.P., provided that the court shall award the relief the evidence shows the party is entitled to, even if the party has not requested that relief. The trial court's judgment is not palpably wrong, without supporting evidence, or manifestly unjust, nor is it against the great weight of the evidence. Therefore, the judgment of the trial court awarding Tapscott the amount of $18,396.10 is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur. *Page 842