ROBERTSON, Presiding Judge.
Keith Milling sued the Alabama Telco Credit Union (Telco) and Lawrence Williams, as Administrator of the Alabama Credit Union Administration (ACUA), for compensation allegedly due Milling while serving as Vice-Chairman/Treasurer (Treasurer) of Telco. After an ore tenus proceeding, the trial court awarded Milling $8000 for services performed for Telco as treasurer between March 1988, and March 1989. Following the denial of posttrial motions, Telco appeals.
The only issue raised by Telco is whether or not the trial court erred by ruling that Telco could legally pay Milling for services rendered to Telco as treasurer.
Since 1985, Milling has been an at-large board member of Telco. In March of 1988, Milling was elected treasurer while continuing his full-time employment with Bell-South. As was customary for treasurers, Telco’s board did not discuss Milling’s salary for his 1988-89 term until more than half the term had expired. Because of recently increased oversight by ACUA, Tel-co’s board requested an opinion from Williams before paying a salary to Milling. Williams’s response was that ACUA Policy No. 19, paragraph 2, states that neither directors nor members may be compensated for their official duties; however, “the treasurer [is] excepted (he can be paid for professional services such as bookkeeping if employed by the credit union.)” Despite Williams’s denial, Telco’s board later voted to pay Milling $8000 for his term, conditioned upon subsequent approval from Williams. Since no such approval was given by Williams, Telco did not pay the $8000. Milling then sued and was awarded compensation.
Whenever a trial court conducts an ore tenus proceeding, its decision is presumed correct and its judgment is due to be affirmed unless it is palpably wrong, without supporting evidence, or manifestly unjust. Davis v. Genuine Parts Co., 567 So.2d 1275 (Ala.1990).
Regarding Telco’s reliance on ACUA Policy No. 19, the trial court considered conflicting testimony as to whether Milling performed the types of services which excepted the treasurer from the non-compensation provision. Although Telco argues that Milling did not perform such services, the trial court’s finding that Milling performed professional services for Telco will not be disturbed unless it is shown to be palpably wrong or manifestly unjust. Davis. The record reflects that Milling was custodian of Telco’s funds and trustee of both the pension and savings plans, which required making funding decisions based on actuarial reports. In fact, Telco concedes that, because of ACUA’s increased oversight, Milling performed more services for Telco than any treasurer in Telco’s recent history. As stated earlier, testimony also showed that Telco’s board voted to conditionally pay Milling $8000 and that the previous treasurer had been paid similarly without any objection from Williams.
Applying the standard set forth in Davis to the facts of this case, we hold that the trial court did not err in deciding that Telco could legally pay Milling for his services as treasurer.
Therefore, the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.