ROBERTSON, Presiding Judge.
From July 1988, until April 1989, Robert Worthy worked as general sales manager for Schwarze Industries, Inc. (Schwarze), which manufactures and sells industrial sweepers to airports, shopping malls, and government entities. Worthy’s compensation consisted of a base weekly salary plus a 1.5% commission on gross sales.
Worthy’s employment was terminated in April 1989, and, subsequently, he sued Schwarze for breach of contract, alleging that Schwarze owed him over $7600 in commissions for the sale of sweepers which were ordered during his employment with Schwarze but which were invoiced and delivered to the customers after his termination.
After considering the testimony, the trial court awarded Worthy $7019 plus costs. Schwarze then filed a motion for new trial or to alter, amend, or vacate the judgment, and for findings of fact and conclusions of law. The trial court denied this motion and Schwarze appealed.
Schwarze first argues that Worthy was not entitled to commissions from orders obtained during his employment that were invoiced and shipped after Worthy’s termination of employment.
We note that, although the record indicates that the employment contract between Worthy and Schwarze was introduced into evidence at trial, the contract is not physically before us for examination. We also note that when a trial court makes no specific findings of fact, as is the case here, the reviewing court assumes that the trial court made the necessary findings to *896 support its judgment, unless such findings would have been clearly erroneous and against the great weight and preponderance of the evidence. Rhoden v. Miller, 495 So.2d 54 (Ala.1986). Furthermore, “a judgment rendered in a nonjury case tried ore tenus is accorded a presumption of correctness that can only be reversed if ‘plainly and palpably wrong.’ ” Etheridge v. Yeager, 465 So.2d 378, 380 (Ala.1985).
In Head & Co. v. Rolling, 265 Ala. 328, 338, 90 So.2d 828, 837 (1956), our supreme court stated:
“The general rule in cases presenting questions similar to the one before us seems to be that where the contract provides that the employee will be paid commissions, or share the profits on sales and contracts procured by him, he is entitled to the agreed compensation on those orders which he procured or negotiated, even though his services were terminated before the contract or sale is completed by performance, unless he is precluded by the express terms of the contract.”
The trial court heard the testimony and had the opportunity to review the employment contract for any express terms or provisions which would have precluded Worthy’s recovery. Worthy testified that the sales in question were procured while he was general sales manager for Schwarze, but that the sweepers were not invoiced and delivered until after his termination. This testimony was confirmed by Mark Schwarze, the president of Schwarze, who negotiated Worthy’s employment contract on behalf of the company. Testimony from Mark Schwarze revealed that Schwarze’s standard business practice was to pay salesmen a commission based on the invoice date, not on the date of the original order. Therefore, Schwarze argues that whoever was the salesman on the invoice date would receive the sales commission, even if that person was not the salesman when the order was procured.
Schwarze contends that the plaintiffs in Head were allowed to recover commissions based on sales which were consummated after their employment ended because their contract contemplated this and because other circumstances were used to give “practical construction” to the terms of the contract and the intent of the parties.
Schwarze argues, therefore, that its standard business practice should be used similarly to indicate that the intention of the parties was to not pay Worthy commissions based on sales which were invoiced after his termination. Schwarze also argues that the facts in Head distinguish it from this case and that this distinction requires an interpretation of the employment agreement between Worthy and Schwarze different from that given to the employment agreement in Head. We disagree.
Based on Head, Worthy is entitled to the commissions in question “unless he is precluded by the express terms of the contract.” Since the trial court was able to review the contract’s provisions, and since the record indicated no evidence that the payment of such commissions was expressly prohibited by the terms of the contract, we cannot hold that the trial court erred in awarding those commissions to Worthy.
Schwarze’s second issue is whether the trial court erroneously construed the employment agreement in awarding Worthy a commission on four sweepers sold to the United States Navy during Worthy’s employment.
Prior to Worthy’s employment with Schwarze, the company negotiated a contract with the Navy for the purchase of eight sweepers. The contract also contained an option, which the Navy ultimately exercised by purchasing four additional sweepers during Worthy’s employment.
Concerning the Navy’s purchase of the original eight sweepers, the following facts were undisputed: 1) the Navy contract was negotiated prior to Worthy’s hiring; 2) nevertheless, Schwarze and Worthy had an oral agreement that Worthy would be paid a 1% commission on the sale to the Navy of the original eight sweepers; 3) these eight sweepers were invoiced and delivered to the Navy before Worthy’s termination, and 4) Worthy, in fact, was paid a 1% commission by Schwarze on the eight sweepers.
*897 Concerning the option, however, Mark Schwarze testified that he expressed to Worthy that no commission would be paid on those sales if they occurred. Worthy, on the other hand, testified that he did not recall being told not to expect such a commission. Basically, Schwarze argues that Worthy lacked credibility, as evidenced by his asking in his original complaint for a 1.5% commission on all sales, instead of just 1% on the government contract. Therefore, Schwarze contends that the trial court should have believed Mark Schwarze instead of Worthy as to the conversation concerning the applicable commission, or lack of commission, on the Navy’s option to purchase four additional sweepers during Worthy’s employment.
“The evaluation of oral testimony is within the power of the court as trier of fact [citation omitted], with the court having the responsibility to decide the credibility and correctness of that testimony.” Etheridge at 380. Also, when conflicting testimony is presented, “[t]he trial judge’s findings, in [an] ore tenus case, are entitled to a presumption of correctness, and his judgment will be affirmed unless it is palpably wrong, without supporting evidence, or manifestly unjust.” Davis v. Genuine Parts Co., 567 So.2d 1275, 1276 (Ala.1990).
We cannot hold that the trial court’s judgment, which was based on ore tenus evidence, was palpably wrong, without supporting evidence, or manifestly unjust. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.