L. CHARLES WRIGHT, Retired Appellate Judge.
General Motors Acceptance Corporation (GMAC) filed a complaint against Harris Kimbler in the District Court of Baldwin County to recover a deficiency claimed after the voluntary repossession and resale of Kimbler’s vehicle, which had been financed by GMAC. The district court entered an order in favor of Kimbler. GMAC appealed that decision to the circuit court. Following an ore tenus proceeding, the circuit court entered judgment in favor of GMAC. Kim-bler’s posttrial motion was denied.
Kimbler appeals and asserts that the notice of sale was insufficient. He contends that the insufficiency of the notice precludes GMAC from recovering the deficiency.
Kimbler purchased a Chevrolet S-10 pickup truck from Bill Steber Chevrolet in 1987. He entered into a financing agreement with GMAC. He agreed to pay 60 monthly installments, plus accrued interest.
In 1989 Kimbler defaulted in his payments and voluntarily surrendered the vehicle to Bill Steber Chevrolet. A notice of sale and right to redeem was mailed to Kimbler on June 1, 1989. The notice was sent to a post office box in Robertsdale, Alabama — the address given by Kimbler at the time of purchase. The notice advised Kimbler that unless the contract was brought current, the vehicle would be sold at any time after June 12, 1989, at a private sale.
Kimbler testified that he moved from the contract address in May 1988 and that he notified GMAC of the change of address. He continued, however, to receive mail that was addressed to the post office box through a forwarding order. Kimbler testified that he was not sure whether he had received notice of the sale. He said that he did receive *725 correspondence from GMAC that had been addressed to the post office box in July 1989.
' The credit representative for GMAC testified that none of the correspondence sent to Kimbler’s post office box was returned until October 4, 1989. The representative explained that GMAC’s policy is to keep a copy of the return envelope when mail is returned by the post office for insufficient address. The GMAC notice was not returned for insufficient address.
Kimbler argues that because he moved from his contract address and notified GMAC of the change, the notice mailed to him at his contract address was insufficient and that, therefore, the sale of the vehicle was not commercially reasonable. He contends that GMAC should be barred from collecting the deficiency because of the alleged insufficient notice.
Section 7-9-504(3), Code 1975, requires that a secured party give notice to a defaulting party prior to disposing of collateral. Failure to transmit notice, or the transmission of insufficient notice, is unreasonable behavior. Stone v. Cloverleaf Lincoln-Mercury, Inc., 546 So.2d 388 (Ala.1989). The requirement that reasonable notification be sent to the debtor, however, does not require that the debtor receive it. Stone.
The record does not support Kim-bler’s allegation concerning notice. Kimbler failed to offer any evidence that he did not receive the notice. In fact, he testified that he could not be “certain” as to whether he received the notice. The record reflects that Kimbler received correspondence from GMAC, which was addressed to the post office box, as late as July 25, 1989.
When the trial court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court’s discretion is shown. Livingston v. Tapscott, 585 So.2d 839 (Ala.1991).
The evidence supports the judgment of the trial court. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.