I agree with the majority that the Statute of Frauds does not prevent Carter from introducing evidence that the funds withdrawn by Holland from the joint bank account were a loan. As the majority notes, the Statute of Frauds requires that there be a writing to evidence an agreement or commitment to lend money, not to repay it. Moreover, the Statute of Frauds applies only to executory, and not to executed, contracts.[2]
I write separately, however, to express a different view of the meaning of Ala. Code 1975, § 5-24-11(b), than that indicated in the majority opinion. Section 5-24-11(b) provides, in pertinent part:
 "During the lifetime of all parties, an account belongs to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent."
In my view, this language is plain and unambiguous; it must be interpreted to mean exactly what it says. Ex parte State Dep't ofRevenue, 683 So.2d 980, 983 (Ala. 1996); IMED Corp. v. Systems Eng'gAssocs. Corp., 602 So.2d 344 (Ala. 1992). Furthermore, our Legislature's adoption of the Uniform Multiple-Person Accounts Act, Ala. Code 1975, § 5-24-1 et seq., of which the quoted statutory language is a part, postdates the authority cited in the majority opinion for the proposition that the establishment of a joint account constitutes evidence from which it may be inferred that the sums deposited therein were intended as a gift. See Livingston v. Powell, 257 Ala. 38, 57 So.2d 521 (1952); Fordv. Stinson, 679 So.2d 1104 (Ala.Civ.App. 1996); Lovett v. Uptain,450 So.2d 113 (Ala.Civ.App. 1983). Thus, while § 5-24-11(b) does not establish conclusively that the ownership of the funds deposited into the joint account by Carter remained exclusively in Carter, it does establish an enhanced burden of proof that Holland must meet — i.e., "clear and convincing" evidence — in order to prove that part of the funds so deposited do not continue to belong to Carter, but instead were intended as a gift to Holland.
In support of its treatment of § 5-24-11(b), the majority cites Ala. Code 1975, § 5-24-6, and the fourth paragraph of the comments to § 5-24-11. Section 5-24-6 provides:
 "The provisions of Article 2 concerning beneficial ownership as between parties or as between parties and beneficiaries apply only to controversies between those persons and their creditors and other successors, and do not apply to the right of those persons to payment as determined by the terms of the account. Article 3 governs the liability and set-off rights of financial institutions that make payments pursuant to it."
The first clause of this section supports my view of the meaning of § 5-24-11(b) by providing that "[t]he provisions of Article 2 concerning beneficial ownership as between parties . . . apply . . . tocontroversies between those persons." The remainder of § 5-24-6
— including the statement *Page 838 
that "Article 2 . . . [does] not apply to the right of those persons to payment as determined by the terms of the account" and the statement that Article 3 governs the liability and rights of financial institutions — merely reaffirms that, as between the bank and the parties listed on the account, the bank may make payment in accordance with the written terms of the account, without liability. See also Article 3 of Title 5, Chapter 24, Ala. Code 1975, § 5-24-21 et seq.
The fourth paragraph of the Comment to § 5-24-11, cited in the main opinion, states that § 5-24-11 "does not undertake to describe the situation between parties if one party withdraws more than that party is then entitled to." However, the conditional clause of the quoted statement has operation only when a party to the account has alreadywithdrawn more than he or she is entitled to; conversely, as to a non-withdrawing party, the conditional clause presumes entitlement to the funds, which is consistent with the text of subsection (b) of §5-24-11. Viewed in this light, the limitation expressed in the Comment is simply that § 5-24-11 does not address the remedies, if any, that may exist as between the parties when one party has withdrawn more funds than that party is entitled to withdraw.
Because my understanding of the operation of § 5-24-11(b) is different from that expressed in the majority opinion, I do not concur in all of the reasoning of that opinion. Nonetheless, I believe that opinion reaches the correct result, and I concur in that result.
Crawley, J., concurs.
[2] Further, the presumption in Alabama law that an otherwise unexplained payment of money is a loan (or payment of a preexisting debt) and not a gift (Livingston v. Tapscott, 585 So.2d 839 (Ala. 1991);Bowline v. Cox, 248 Ala. 55, 26 So.2d 574 (1946)), would be deprived of any effect if the Statute of Frauds were interpreted to require a writing explaining that the payment is a loan.