SMITH, Justice.
Samuel G. McKerall appeals from a summary judgment entered in favor of Dennis Kaiser in Kaiser’s action seeking recovery on a promissory note guaranteed by McKerall. We reverse and remand.

Facts and Procedural History

On August 28, 2001, Great American Radio Network, Inc., executed a promissory note in favor of Dennis Kaiser for $300,000 (“the note”). Walter J. Bowen, the president of Great American Radio Network, and McKerall personally guaranteed the note. The terms of the note required a monthly interest payment of $3,000 for 11 months and then a balloon payment of the principal and all unpaid interest on or before August 28, 2002. Specifically, the note, in pertinent part, states:
“[Great American Radio Network], for value received, promise[s] to pay to the order of Mid-Ohio Securities Corp., for the benefit of Dennis L. Kaiser, the sum of $300,000.00, together with interest thereon from date at the rate of twelve percent (12%) per annum, payable in eleven equal monthly installments of $3,000.00 each (i.e., Interest only) commencing one month from the date and continuing on the same day of each succeeding month thereafter until eleven such payments have been made, with the entire balance, all principal and all then accrued and unpaid interest being due and payable, in full, IN ONE FINAL BALLOON INSTALLMENT due on or before twelve months from date.”
(Capitalization in original.)
Relevant to this appeal, the note also states: “Demand, protest and notice of protest, and all requirements necessary to hold them liable, are hereby waived by each and every maker and endorser of this note. This note is made, given, executed and delivered under the seal of the under *290 signed.” Bowen, in his capacity as president of Great American Radio Network, signed the note. Under that signature, the note states that “[t]his note personally endorsed and guaranteed by” and then includes the signatures of McKerall and Bowen in their personal capacities.
Great American Radio Network timely made the first three interest payments on the note, and then Great American Radio Network or Bowen, personally, made several interspersed payments on the note over several years. It is undisputed that the last payment on the note was made on May 1, 2007, and that the balance on the principal of the note is $218,970.82.
On February 6, 2009, Kaiser sued Great American Radio Network, Bowen, and McKerall in the Baldwin Circuit Court seeking recovery on the note. Kaiser’s complaint contained two counts. In the first count, Kaiser “claim[ed] of the Defendants $213,970.82, due from [them] by account on May-1, 2007, which sum of money and interest of $263,789.79 is still unpaid.” In the second count, Kaiser claimed that “the following amounts are due and owing under [the note,] principal $213,970.82, interest of $263,739.79, attorneys fee of $71,316.48, for a total of $549,027.09, plus costs of court.”
Only McKerall answered Kaiser’s complaint. Accordingly, Kaiser moved for entry of a default judgment against Great American Radio Network and Bowen. The trial court granted the motion, entering a default judgment against Great American Radio Network for $555,177.54 and a default judgment against Bowen for $555,177.54. McKerall was the only remaining defendant.
Kaiser and McKerall filed cross-motions for a summary judgment. Kaiser, in his motion, argued that no genuine issues of material fact existed and, therefore, that he was entitled to a summary judgment against McKerall. McKerall, in his motion, argued that Kaiser’s claims against him were barred by the applicable statute of limitations.
The trial court denied McKerall’s motion and entered a summary judgment in favor of Kaiser in the amount of $346,283.80, plus costs. McKerall appeals that judgment.

Standard of Review

“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, wé must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the non-movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12.”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).

Discussion

On appeal, McKerall reasserts his argument that Kaiser’s claims against him were barred by the applicable statute of limitations and, therefore, that the trial court erred in entering a summary judg *291 ment against him and in favor of Kaiser. McKerall argues that the applicable statute of limitations is § 7-3-118, Ala.Code 1975. Section 7-3-118(a), entitled “Note payable at a definite time,” provides that, with exceptions not relevant here, “an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.” (Emphasis added.) McKerall argues that under § 7-3-118 Kaiser’s action must have been commenced by August 28, 2008, six years after August 28, 2002, the due date stated in the note. Because Kaiser’s action was not filed until February 6, 2009, McKerall argues that Kaiser’s claims against him were barred by § 7-3-118.
In response, Kaiser argues that the note is a contract under seal; therefore, he contends that the applicable statute of limitations is § 6-2-33, Ala.Code 1975. Section 6-2-33(1) provides that “[a]ctions founded upon any contract or writing under seal” must be commenced within 10 years after the cause of action has accrued. Assuming that the cause of action accrued on August 28, 2002, Kaiser argues that his claims against McKerall were filed within the applicable statute of limitations. As an alternative argument, Kaiser contends that the applicable statute of limitations is § 6-2-34(4), Ala.Code 1975, which provides a six-year statute of limitations for “[ajctions founded on promises in writing not under seal,” and that, under § 6-2-16, Ala.Code 1975, the partial payments of the note extended the accrual of the cause of action until the date of the last payment, May 1, 2007.[1] As another alternate argument, Kaiser contends that count one of his complaint asserts a claim against McKerall for recovery of money due on an open account. Section 6-2-37, Ala.Code 1975, provides that “[a]ctions to recover money due by open or unliquidated account” must be commenced within three years of “the date of the last item of the account or from the time when, by contract or usage, the account is due.” Kaiser contends that, under § 6-2-37, his claim against McKerall did not accrue until May 1, 2007, and, therefore, that the applicable statute of limitations for count one did not expire until May 1, 2010.
First, we must consider whether the note constitutes a negotiable instrument, because § 6-2-2(e), Ala.Code 1975, provides that provisions within Chapter 2 of Title 6 “shall not apply to negotiable instruments which are governed by Sections 7-3-118 and 7-4-11.” Section 7-3-104(a), Ala.Code 1975, defines a “negotiable instrument” as follows:
“[A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
“(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
“(2) Is payable on demand or at a definite time; and
“(3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to *292 secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.”
We conclude that the note constitutes a negotiable instrument because it meets all the characteristics of negotiable instruments in § 7-3-104(a). The note is “an unconditional promise ... to pay a fixed amount of money” to the order of Mid-Ohio Securities Corporation for the benefit of Kaiser “at a definite time” without any “undertaking or instruction” by Great American Radio Network to do anything in addition to the obligation to make payments. § 7-3-104(a), Ala.Code 1975. The fact that the note was made under seal has no effect on whether it is a negotiable instrument. See Foster v. Hacienda Nirvana, Inc., 32 So.3d 1256, 1259 (Ala.2009) (“[I]f the promissory note is a negotiable instrument ... § 6-2-2(e) clearly mandates that the six-year statute of limitations of § 7-3-118 must apply to [a] claim on the promissory note, regardless of whether the note is also a contract under seal.”). Because this present action seeks to enforce obligations under a negotiable instrument that was payable at a definite time, the applicable statute of limitations is found in § 7-3-118(a), Ala.Code 1975, and not §§ 6-2-33, 6-2-34, or 6-2-37, Ala.Code 1975. See § 6-2-2(e), Ala.Code 1975.
We must next consider when Kaiser’s cause of action against McKerall accrued. Kaiser makes no argument that the note is not a negotiable instrument; instead, Kaiser argues that, “[sjhould the Court accept th[e] argument that this is a negotiable instrument governed by § 7-3-118,” his cause of action against McKerall, as a guarantor of the note, did not accrue until Kaiser made demand on the note and that he did not make demand on the note to McKerall until filing this action. Kaiser’s brief, at p. 11. In support of this argument, Kaiser notes that the Official Comment to § 7-3-118 states that “Section 3-118 does not define when a cause of action accrues.” Accordingly, Kaiser argues that the six-year statute of limitations of § 7-3-118(a) began running upon the filing of this action.
As an alternative argument, Kaiser argues that, under § 7 — 3—118(b), entitled “Note payable on demand,” his cause of action against McKerall accrued when the last payment was made on the note. Section 7-3-118(b) provides, in pertinent part, that, with exceptions not relevant here, “[i]f no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of 10 years.” Applying § 7-3-118(b) to the facts of this case, Kaiser contends that the cause of action accrued when the last payment was made, May 1, 2007, and that the six-year statute of limitations therefore does not expire until May 1, 2013.
Contrary to Kaiser’s arguments, this cause of action accrued on the due date of the note, August 28, 2002, because, by its terms, the note was due at a definite time, and McKerall waived demand as a requisite for liability on the note. The note states that “[djemand ... and all requirements necessary to hold them liable are hereby waived by each and every maker and endorser of this note,” and McKerall “personally endorsed and guaranteed” the note. (Emphasis added.) Therefore, under § 7-3-118(a), Kaiser’s cause of action against McKerall to enforce the note accrued on the due date of the note, August 28, 2002, and Kaiser had six years from that date to commence the action. See § 7-3-118 (“an action to enforce the obligation of a party to pay a note payable at a *293 definite time must be commenced within six years after the due date”); Foster, 32 So.3d at 1264 (holding that, under § 7-3-118, the claim of the plaintiffs, who sought to enforce a note and “filed their claim on the promissory note ... six years and nine months after the final payment was due on the note” was barred by the statute of limitations); Spragins v. McCaleb, 237 Ala. 658, 661, 188 So. 251, 253 (1939) (holding that when an endorser of a note waives demand “ ‘the [ejndorser becomes unconditionally liable for the debt evidenced by the instrument.’” (quoting Little v. Peoples’ Bank of Mobile, 209 Ala. 620, 624, 96 So. 763, 767 (1923)).[2]
Because Kaiser commenced his action against McKerall more than six years after the due date of the note, Kaiser’s claims against McKerall are barred by the applicable statute of limitations. See § 7-3-118, Ala.Code 1975. Accordingly, the trial court erred in entering a summary judgment for Kaiser.

Conclusion

Based on the foregoing, we reverse the judgment of the trial court and remand this cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, WOODALL, PARKER, and SHAW, JJ., concur.
MURDOCK, J., concurs in the result.

. Section 6-2-16, Ala.Code 1975, provides:
“No act, promise or acknowledgment is sufficient to remove the bar to an action created by the provisions of this chapter, nor is such evidence of a new and continuing contract, except a partial payment, made upon the contract by the party sought to be charged before the bar is complete or an unconditional promise in writing signed by the party to be charged thereby.”

. Kaiser argues that, under § 6-2-16, the payment on May 1, 2007, barred the expiration of the six-year statute of limitations found in § 7-3-118(a). In support of this argument, Kaiser notes that the Alabama Comment to § 7-3-118 states, in pertinent part:
"Ala.Code Section 6-2-16 continues to apply to determine the sufficiency of a partial payment or a written promise to remove the bar to an action. Section 6-2-16 is applicable to negotiable instruments as well as non-negotiable instruments. Stewart v. Jones, 614 So.2d 1023 (Ala.1993). Section 6-2-16 is not displaced by Section 3-118, except with respect to subsection (b) of Section 3-118.”
The Alabama Comment was added as part of a wholesale revision of Chapter 3 of Title 7 in 1995 when the legislature adopted Article 3 of the Uniform Commercial Code. Because Stewart v. Jones, 614 So.2d 1023 (Ala.1993), predates the effective date of § 6-2-2(e) on January 1, 1996, we conclude that the statement that "[§ ] 6-2-16 is applicable to negotiable instruments as well as non-negotiable instruments” is no longer valid. Accordingly, we pretermit further discussion of the applicability of § 6-2-16 to this action.