STUART, Justice.
On August 8, 2010, George Patrick Stacey and Innovative Treasury Systems, Inc. (“I.T.S.”), filed a complaint in the Baldwin Circuit Court against Anthony Lee Peed.[1] Stacey and I.T.S. alleged that Peed owed them $161,365.78 plus interest based upon three claims asserted in the complaint— breach of contract, account stated, and money lent. Peed answered the complaint, denying that he was indebted to Stacey and I.T.S., claiming that Stacey and I.T.S. had failed to state a claim upon which relief could be granted, and asserting various affirmative defenses. On July 3, 2012, after multiple continuances and extensions, Peed filed a motion for a summary judgment pursuant to Rule 56, Ala. R. Civ. P., claiming that no genuine issue of material fact existed. Stacey and I.T.S. filed a response to Peed’s motion. After a hearing on the motion, the circuit court entered a summary judgment in favor of Peed on October 1, '2012. Stacey and I.T.S. filed a motion to alter, amend, or vacate that judgment on October 25, 2012, which was denied by operation of law.
Stacey and I.T.S. filed a timely appeal on March 7, 2013, contending that the circuit court had erred by entering a summary judgment because, they say, the circuit court had received substantial evidence of the formation of a contract and of “open account [stated]” and because Peed had failed to present a counterargument regarding their claim for money lent. Finally, Stacey and I.T.S. claim that the circuit court erred by concluding that the money was a gift in the absence of evidence demonstrating the elements of a gift. We affirm in part, reverse in part, and remand.

Standard of Review

“In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P.'When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmovant to present substantial evidence creating an issue of material fact. Bass v. SouthTrust Bank *531 of Baldwin County, 538 So.2d 794 (Ala. 1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).”
Mantiply v. Mantiply, 951 So.2d 638, 643 (Ala.2006).

Facts

According to Stacey and I.T.S.’s pleadings, they lent Peed $161,365.78 on May 5, 2003, with the agreement that Peed would repay the loan with interest at the rate of 8%. In an affidavit in support of Stacey and I.T.S.’s response in opposition to Peed’s summary-judgment motion, Stacey stated that “a promissory note was executed by [Peed] in favor of [Stacey and I.T.S.] wherein [Peed] agreed to repay [the $161,365.78] with interest at a rate of 8% per annum.” Stacey explained in his affidavit that he could not produce a copy of the promissory note, stating: “Sometime during the first quarter of 2007, [Peed] entered the office of [I.T.S.] and removed therefrom a folder that contained the original of the promissory note.” In further support of the agreement, Stacey and I.T.S. produced copies of bank documents confirming that on May 5, 2003, Peed deposited a certified check in the amount of $161,365.78 into his newly opened account, which listed Stacey as the beneficiary on his death. Stacey and I.T.S. also offered to the circuit court copies of two checks and one stock-transfer document. The checks and the stock-transfer document are included in the record; however, the stock-transfer document is largely illegible. One of those checks was Peed’s August 7, 2006, check to Stacey in the amount of $13,000; the other was Peed’s August 14, 2007, check to Stacey in the amount of $20,000. Each check included the handwritten word “loan” on the “memo” line of the check. Stacey and I.T.S. contend that the stock-transfer document indicates that Peed transferred to Stacey and I.T.S. $11,157.80 in proceeds from stocks on August 24, 2009, as a payment on the purported loan.

Analysis

I. Breach of Contract

“The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement.” Hargrove v. Tree of Life Christian Day Care Ctr., 699 So.2d 1242, 1247 (Ala.1997). Proof of an implied contract requires the same basic elements as an express contract. Steiger v. Huntsville City Bd. of Educ., 653 So.2d 975, 978 (Ala.l995)(explaining that “[n]o contract is formed without an offer, an acceptance, consideration, and mutual assent to terms essential to the contract” (citing Strength v. Alabama Dep’t of Fin., 622 So.2d 1283, 1289 (Ala.1993))). As evidence indicating the existence of a loan agreement, Stacey and I.T.S. highlight the bank documents, Stacey’s affidavit attesting to the promissory note and its destruction by Peed, the checks, and the stock-transfer document. Stacey and I.T.S. argue that they presented evidence of an offer and an acceptance to the circuit court by showing that they had obtained $161,365.78, that Stacey and Peed had traveled together to a bank, and that Peed had deposited those funds into a newly opened account on which Stacey was listed as the beneficiary. According to Stacey and I.T.S., the checks bearing the word *532 “loan” from August 2006 and August 2007 and the alleged stock transfer in August 2009 amount to substantial, albeit circumstantial, evidence of a “payment arrangement” and evidence that Peed was “proceeding under the agreement.” A review of the record indicates that Stacey and 1.T.S. presented substantial evidence creating a genuine issue of material fact as to whether they and Peed entered into a contract. Therefore, the circuit court erred by entering a summary judgment for Peed on Stacey and I.T.S.’s breach-of-contract claim.[2]

II.Account Stated

“In Ayers v. Cavalry SVP I, LLC, 876 So.2d 474 (Ala.Civ.App.2003), [the Court of Civil Appeals] discussed the nature and elements of an account-stated claim:
“ ‘ “An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. It is as if a promissory note had been given for the balance due.
“ ‘ “A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability. The debtor’s admission to the correctness of the statement and to his liability thereon can be express or implied. An account rendered, and not objected to within a reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account.” ’
“876 So.2d at 477 (quoting University of South Alabama v. Bracy, 466 So.2d 148, 150 (Ala.Civ.App.1985)). ‘An “account” is a general term which covers an item of indebtedness, by contract, express or implied.’ Dees v. Self Bros., 165 Ala. 225, 228, 51 So. 735, 736 (1910) (emphasis added). See also Morrisett v. Wood, 128 Ala. 505, 507, 30 So. 630, 631 (1900) (stating that an account arises ‘out of contract or some fiduciary relation’ between the parties).”
Mahoney v. Loma Alta Prop. Omiers Ass’n, Inc., 4 So.3d 1130, 1134-35 (Ala.Civ. App.2008). In this case, the circuit court did not receive sufficient evidence of a “new agreement” to an original account. The circuit court did not err by entering a summary judgment for Peed on Stacey and I.T.S.’s account-stated claim.
III.Money Lent[3]
“An action for money lent is an action at law which lies whenever there *533 has been a payment of money from the plaintiff to the defendant as a loan.
“An action for money lent is an action at law for the recovery of money, based on an allegation that there was money lent to the defendant. The three elements of a claim on money lent are that the money was delivered to the defendant, the money was intended as a loan, and the loan has not been repaid.”
42 C.J.S. Implied, Contracts § 2 (2007). A review of Alabama law reveals that what could be stated as a money-lent claim is perhaps more accurately stated as a claim of “money due on an open account,” which contains identical factors.
“A plaintiff establishes a prima facie case in an action for money due on [an] open account by presenting evidence that money was delivered to the defendant, that it was a loan, and that it has not been repaid.’ 58 C.J.S. Money Lent § 7 (1948).”
Livingston v. Tapscott, 585 So.2d 839, 841 (Ala.1991); see also Mantiply, 951 So.2d at 649.
In Livingston, the trial court received ore tenus evidence indicating that a woman gave $17,000 to a man to pay his business debts during the time the parties were involved in an adulterous relationship. 585 So.2d at 840. The woman claimed the money was a loan; the man claimed the money was a gift. Id. The trial court determined that the woman had presented evidence of a claim for money due on an open account: the money was delivered to the man, it was a loan, and it had not been repaid. 585 So.2d at 841. Applying the ore tenus standard of review, this Court affirmed the trial court’s judgment that an implied contract and a debt- or-creditor relationship existed. Id.
In Mantiply, supra, this Court reviewed a summary judgment arising out of the former husband’s alleged loan of over $250,000 to the former wife, with whom he had continued to live and work after the entry of the divorce judgment. The trial court had entered a summary judgment in favor of the former wife on, among other claims, the former husband’s claim for money due on an open account. 951 So.2d at 643. The former husband filed an appeal. There was no dispute that the money was delivered to the former wife and that she had not repaid it. 951 So.2d at 644. The dispute was whether the money was a loan.[4] The former husband said the money was a loan; the former wife said the money was the former husband’s payment of his expenses. Id. We reversed the summary judgment on, among other things, the former husband’s claims of “money owed,” which included his claim of money due on an open account. 951 So.2d at 658.
Likewise, in this case there is no dispute regarding two of the three prongs of a *534 claim for money due on an open account. Stacey and I.T.S. delivered money to Peed, and Peed has not repaid Stacey and I.T.S. The remaining issue is whether the money was a loan.
Peed alleged that no genuine issue of material fact exists; therefore, Stacey and I.T.S. had the burden of presenting substantial evidence creating a genuine issue of material fact. Stacey and I.T.S. did so by providing the circuit court with copies of Peed’s checks on which was handwritten the word “loan.”[5] Naturally, the checks could represent any number of other transactions between the parties, including loans from Peed to Stacey, but fair-minded persons in the exercise of impartial judgment could also infer that Peed’s checks to Stacey were intended as payments on Stacey and I.T.S.’s alleged loan of $161,365.78 to Peed. Therefore, we reverse the circuit court’s summary judgment as to Stacey and I.T.S.’s claim of money due on an open account, which Stacey and I.T.S. have referred to as a “money-lent” claim.

IV. Gift

Finally, Stacey and I.T.S. claim the circuit court erred by concluding that the money was a gift in the absence of evidence demonstrating the elements of a gift. The judgment does not contain any findings of fact upon which the circuit court relied. We assume that the circuit court made the findings necessary to support its judgment, “unless such findings would be clearly erroneous or against the great weight of the evidence.” Fitzner Pontiac-Buiclcr-Cadillac, Inc. v. Perkins & Assocs., Inc., 578 So.2d 1061, 1063 (Ala. 1991) (citing Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538 (Ala.1988)).
The record reflects that Peed failed to present substantial evidence that the money he received from Stacey and I.T.S. was a gift. Rather, the evidence presented tends to indicate a genuine issue of material fact as to whether the money was a loan or a gift. Therefore, a summary judgment was not proper on this ground.

Conclusion

The summary judgment of the circuit court is affirmed as to Stacey and I.T.S.’s claim for open account stated and reversed as to Stacey and I.T.S.’s claims of breach of contract and money due on an open account and as to the determination that the money was a gift. The cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, C.J., and BOLIN, PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
SHAW, J., concurs in part and concurs in the result.

. According to the pleadings, I.T.S. "is a pass-through S corporation” of which Stacey is "an officer and/or agent.”

. Although the Statute of Frauds is listed as an affirmative defense in his answer to Stacey and I.T.S.'s complaint, on appeal Peed failed to present an argument in his brief regarding the writing requirement in the Statute of Frauds. See § 8-9-2(7), Ala.Code 1975. We observe that in light of Stacey’s statements in his affidavit that tend to prove the existence of a writing and that the writing had been de- , stroyed by Peed, see Rule 1004(1), Ala. R. Evid., it appears that Stacey and I.T.S. have presented substantial evidence creating a genuine issue of material fact in that regard. Cf. Holman v. Childersburg Bancorporation, Inc., 852 So.2d 691, 702 (Ala.2002)(Johnstone, J., dissenting); see also 11 Am.Jur.2d Bills and Notes § 279 (2009).

. Stacey and I.T.S. assert as an issue that the circuit court’s summary judgment is error because Peed "presented no argument supporting” a summary judgment on their claim for money lent. Stacey and I.T.S. have failed to develop an argument or provide citation to relevant authority regarding their mere assertion. Rule 28(a)(10), Ala. R.App. P., requires *533 that arguments in an appellant's brief contain citations. “[W]here no legal authority is cited or argued, the effect is the same as if no argument had been made.” Steele v. Rosen-feld, LLC, 936 So.2d 488, 493 (Ala.2005) (quoting Bennett v. Bennett, 506 So.2d 1021, 1023 (Ala.Civ.App. 1987)).

. The former wife filed a cross-appeal. She argued on cross-appeal that the former husband’s affidavit presented in opposition to her summary-judgment motion contradicted his earlier sworn deposition testimony regarding the second prong of a claim for money due on an open account — the money was a loan. After a review of the record, this Court upheld the trial court’s consideration of the former husband’s affidavit because he had never contradicted his contention that the money was a loan; thus, it was proper for the trial court to consider the former husband's affidavit. See, e.g., Rickard v. Shoals Distrib., Inc., 645 So.2d 1378, 1382-83 (Ala.1994); and Tittle v. Alabama Power Co., 570 So.2d 601, 606-07 (Ala. 1990).

. Section 6-2-37, Ala.Code 1975, provides that "[a]ctions to recover money due by open or unliquidated account” must be commenced within three years of “the date of the last item of the account or from the time when, by contract or usage, the account is due.” Whether this action is barred by the applicable statute of limitations is a matter for the circuit court to resolve; the relevant dates are unclear from the record before this Court. See Defco, Inc. v. Decatur Cylinder, Inc., 595 So.2d 1329, 1332 (Ala.1992); § 6-2-37(1), Ala.Code 1975 (statute of limitations for cause of action alleging an open account is three years). See also McKerall v. Kaiser, 60 So.3d 288 (Ala.2010), and Ayers v. Cavalry SVP I, LLC, 876 So.2d 474 (Ala.Civ.App.2003).